UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARETHA D. BROWN,

        Plaintiff,

   v.

JAMES E. WILLIAMS,

        Defendant.

Case No. 1:15-cv-774

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On December 8, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Allegations Of Complaint**

Plaintiff resides in Henderson, Nevada. Her complaint identifies James E. Williams of Cincinnati, Ohio as the lone Defendant. Plaintiff identifies 28 U.S.C. §1332(a)(1) as the basis for federal jurisdiction. Attached to Plaintiff's complaint as a "Statement of Claim" is a copy of an Amended Complaint and Jury Demand filed on Plaintiff's behalf by Attorney Scott Mullins against Defendant James Williams and three other Defendants in the Hamilton County Court of Common Pleas ("state court complaint"). That complaint, date stamped January 13, 2010, alleges that Defendant Williams negligently operated a motor vehicle on February 13, 2008, resulting in injury to the Plaintiff. Plaintiff further alleges that a law firm (not named as a Defendant herein) settled her personal injury claim without her consent and was negligent in doing

so. As a third claim in her state court complaint, Plaintiff alleged that the lawyer in question and his law firm were liable under the Ohio Consumer Protection Act. In a fourth claim in the state court complaint, Plaintiff generally alleged she was entitled to pre-judgment and post-judgment interest and "judgement against the Defendants in an amount in excess of $25,000 plus her costs."

The undersigned takes judicial notice of the fact that the docket sheet of Plaintiff's state court case, Case No. A0911260, indicates that the case was dismissed without prejudice on November 17, 2010. Plaintiff subsequently filed a motion to "vacate judgment" and for "stay" on May 2, 2013, which was denied on May 30, 2013. A Notice of Appealable Judgment was sent by ordinary mail to all parties on June 4, 2013.

In addition to her state court complaint, Plaintiff has attached a *pro se* "Brief" that is captioned "On Petition for Writ of Mandamus to the United States District Court." (Doc. 1-1 at 10). Plaintiff has also attached what appears to be a pro se "Petitioner's Brief" that appears to have been filed in the Supreme Court of the United States as a "Petition for Re-hearing" in Case No. 15-5890 (Doc. 1-1 at 13). A second document apparently filed in the Supreme Court in the same case is labeled "Relator's Supplemental Brief," and a third presumably related document is identified as an "Emergency Filing" with the U.S. Supreme Court concerning Plaintiff's "Unlawful Eviction with Police report…." (Doc. 1-1 at 26, 30). The undersigned takes judicial notice of an entry dated November 30, 2015 by the Supreme Court of the United States, denying a petition for rehearing in the case, *In re Aretha D. Brown*, No. 15-5890, 2015

4

WL 7692858. The denial for rehearing follows the denial of a petition for writ of mandamus in the same case, *see id.*, 136 S. Ct. 368 (Oct. 19, 2015).

Another of the more decipherable documents that Plaintiff has attached to her complaint in this Court is a letter dated November 3, 2008 from "Scott Mullins" (presumed to be Plaintiff's counsel in state court) and addressed to Gerry Sacco at Nationwide Mutual Insurance Company. The letter includes a proposal for settlement of Ms. Brown's personal injury claim. (Doc. 1-1 at 19-20). However, the undersigned is unable to fully decipher the context or to interpret multiple additional documents attached or appended onto Plaintiff's complaint in this Court."[1]

In the body of her application to proceed *in forma pauperis* in this Court, Plaintiff has written: "Please Note: I have filed numerous Las Vegas EEOC and ADA/Americans with Disabilities Complaints!" (Doc. 1). *See e.g., Aretha B. Brown v. Luxor Hotel & Casino*, No. 2:14-cv-00991 (D. Nevada, June 23, 2014)(recommending dismissal of a pro se i*n forma pauperis* case filed by the same plaintiff on initial screening, for failure to state a claim upon which relief can be granted, *but see* 2015 W 327748, rejecting R&R conditioned on Plaintiff fling an amended complaint, but warning her that her failure to comply will result in dismissal).

### III. Analysis of Claims

Under relevant screening standards and federal law, Plaintiff's complaint should be dismissed in its entirety. The complaint lacks factual content or context from which the Court may reasonably infer the basis for federal jurisdiction over any claim that

---

[1] For example, one document bears the case caption "In the United States District Court for the Southern District of Florida" against "Elite Model Agency Miami Beach." (Doc. 1-1 at 21). Another appears to be a "Bankruptcy Client Intake Packet" from the Legal Aid Center of Southern Nevada. (Doc. 1-1 at 22). Yet another document appears to be unrelated correspondence from USBancorp regarding Plaintiff's "additional concerns about our handling of your recent checking account application…." (Doc. 1-1 at 23).

5

Plaintiff may yet have against Defendant Williams. Plaintiff appears to have previously fully litigated the same claims through the Ohio courts, and possibly attempted to litigate the same claim in the United States Supreme Court. Moreover, since the only claims against Defendant Williams appear to have arisen due to his alleged negligence in operating his motor vehicle in February 13, 2008, any state law claims filed in this Court based upon diversity jurisdiction would be time-barred. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IV. Conclusion and Recommendation**

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e).

                     *s/ Stephanie K. Bowman*
                     Stephanie K. Bowman
                     United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ARETHA D. BROWN,

        Plaintiff,

  v.

JAMES E. WILLIAMS,

        Defendant.

Case No. 1:15-cv-774

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge