# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ARETHA D. BROWN, | : | Case No. 1:15cv774 |
| Plaintiff, | : | District Judge Michael R. Barrett |
| | | Magistrate Judge Stephanie Bowman |
| v. | : | |
| JAMES E. WILLIAMS, | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the Court on the December 21, 2015 Report and Recommendation ("R&R") of the Magistrate Judge, which recommends dismissing the Complaint with prejudice following a *sua sponte* review. (Doc. 4). Plaintiff timely filed her Objection to the Report on December 31, 2015. (Doc. 5).

## I. PROCEDURAL BACKGROUND/FACTS

Plaintiff, a resident of Henderson, Nevada brings this action against Defendant James E. Williams of Cincinnati. She alleges that Defendant negligently operated a motor vehicle on February 13, 2008, resulting in injury. Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2).

In recommending dismissal of the Complaint, the Magistrate Judge reached two primary conclusions. First, the Magistrate Judge concluded that there was no basis to infer federal jurisdiction over Plaintiff's claims, as she appears to have previously litigated the same claims. Second, the Magistrate Judge concluded that her claims against Defendant arising from his alleged negligence in 2008 are time-barred. (Doc. 4, PageID 80-81).

## II. STANDARDS OF REVIEW

### A. *In Forma Pauperis*

28 U.S.C. § 1915(e) requires federal district courts to screen *in forma pauperis* cases at the moment of filing and to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim for relief. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citing *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008)). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

### B. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**III.   ANALYSIS**

Attached to Plaintiff's complaint is a copy of an Amended Complaint and Jury Demand filed on behalf of Plaintiff, by her then attorney, against Defendant and three other defendants in the Hamilton County Court of Common Pleas, which is date stamped January 13, 2010. As it relates to Defendant, her state court complaint alleges Defendant negligently operated a motor vehicle on February 13, 2008, resulting in injury to Plaintiff. The Magistrate Judge took judicial notice of the docket sheet in the state court case indicating that the case was dismissed without prejudice on November 17, 2010. Subsequently, Plaintiff filed a motion to "vacate judgment" and for "stay," which was denied on May 30, 2013. The Magistrate Judge also noted that Plaintiff appears to have attempted to raise her claims against Defendant in this court by filing a petition for writ of mandamus, as well as attempting to raise her claims in the United States Supreme Court. (Doc. 1-1, PageID 13-15, 16-21). Accordingly, the Magistrate Judge concluded that Plaintiff has previously fully litigated the same claims and thus, this Court does not have jurisdiction. In addition, the Magistrate Judge concluded that Plaintiff's claims against Defendant appear to be time-barred, as they relate to Defendant's alleged negligence in operating his motor vehicle on February 13, 2008.

Plaintiff appears to raise the following objections to the Magistrate Judge's R&R: 1) Plaintiff did not receive justice in the previous proceedings regarding the automobile accident dated February 13, 2008; 2) Nationwide breached its duty to properly investigate and acted in bad faith; and 3) Defendant and Nationwide breached contractual obligations owed to Plaintiff. (*See* Doc. 5, PageID 83-84). Plaintiff's objections are unpersuasive.

3

First, Plaintiff does not object to the Magistrate Judge's conclusion that she has fully litigated her claims against Defendant. Upon review, the undersigned finds the Magistrate Judge correctly determined that Plaintiff has previously fully litigated her claims. In addition to the state court case cited by the Magistrate Judge, the Court also takes judicial notice of the docket sheet in Case No. A1106653, which is also referenced in documents attached to Plaintiff's complaint. The docket sheet in Case No. A1106653 reflects that it is a refile of Case No. A0911260. On May 12, 2012, the court granted defendants' motion to dismiss for failure to prosecute, disposing of Case No. A1106653 and her claims against Defendant.

Moreover, despite Plaintiff's contention that the previous proceedings related to the automobile accident on February 13, 2008 were not justly decided, she does not object to the Magistrate Judge's conclusion that those claims are time-barred. Rather, Plaintiff continues to argue that Defendant was negligent on February 13, 2008. Upon review, the undersigned finds the Magistrate Judge did not err in concluding Plaintiff's claims as they relate to the February 13, 2008 incident are time-barred. A claim for negligence carries a two-year statute of limitations pursuant to Ohio Revised Code § 2305.10. Accordingly, Plaintiff may not bring her claims based upon diversity of citizenship as they are time-barred under Ohio law.

Plaintiff also appears to object to the R&R in its entirety. (Doc. 5, PageID 83). General objections to the entirety of the magistrate judge's report have the same effect as a failure to object. *Howard*, 932 F.2d at 509. Consequently, the Court finds that Plaintiff's objection to the R&R in this regard is without merit and is insufficient to direct the Court's attention to any particular issues contained therein.

Finally, to the extent Plaintiff takes issue with Nationwide's conduct, her arguments are likewise without merit. Nationwide is not a defendant in this action and thus, the Court does not have jurisdiction over Nationwide.

## IV. <u>CONCLUSION</u>

Consistent with the foregoing, Plaintiff's Objections (Doc. 5) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 4) is **ADOPTED** in its entirety. Accordingly, it is hereby **ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e).

**IT IS SO ORDERED**.

s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court